CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
for Roanoke
MAY 26 2010
JOHN F. CORCORAN, CLERK
BY: M. Hupp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CURTIS M. KEITH,** | Civil Action No. 7:10-cv-00030 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| **DR. MOGEL, et al.,** | By: Hon. Jackson L. Kiser |
| Defendants. | Senior United States District Judge |

Curtis M. Keith, a Virginia prisoner proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants: Dr. Mogel[1] of the Greensville Correctional Center ("Greensville"); Dr. Emron of Sussex I State Prison ("Sussex"); Dr. Wayne[2], Correctional Officer ("C/O") McDaniels, C/O Raider, and C/O Brook of the Green Rock Correctional Center ("Green Rock"); and "C. Bailey." This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I add and terminate relevant defendants, dismiss some claims, and direct the Clerk to transfer the action to the United States District Court for the Eastern District of Virginia.

I.

Plaintiff's complaint briefly alleged deliberate indifference to his serious medical needs related to a then-impending stroke and subsequent inability to walk. The court conditionally filed the complaint and, inter alia, provided plaintiff an opportunity to amend his complaint in order to state a claim upon which relief may be granted. Plaintiff responded, naming additional

---

[1]Although plaintiff names him "Mogel," documents included with the complaint show this doctor's signature as A. Mughal.

[2]Plaintiff may be identifying this defendant as Dr. Wang in his amended complaint, but the difference is practically irrelevant for the reasons discussed infra. If plaintiff meant them to be two different providers, the claim against Dr. Wang fails to state a claim, and plaintiff does not allege any facts relevant to any Dr. Wayne.

defendants and further detailing his claims. For the purposes of screening, I determine whether plaintiff fails to state a colorable claim regarding events that transpired in the Western District of Virginia.

## II.

### A.

As a preliminary matter, plaintiff seeks to join additional parties in his amended complaint. Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course within 21 days of serving the pleading or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." This matter has not yet been served, and thus, I accept plaintiff's first amended complaint.

However, I must consider the provisions of Federal Rules of Civil Procedure 19(a) and 20(a) when a plaintiff files a motion to amend that seeks to join additional defendants. Hinson v. Norwest Financial South Carolina, Inc., 239 F.3d 611, 618 (4th Cir. 2001). The proposed additional defendants must have a right to relief asserted against them, "arising out of the same transaction, occurrence, or series of transactions or occurrences" and the claims must share some "question of law or fact common to" all of the defendants. Fed. R. Civ. P. 20(a)(2).

Plaintiff seeks to join Jane Doe 1, the Head Nurse of the Greensville Infirmary, and Jane Doe 2, the Head Nurse of Greensville Segregation, because they interfered with the ordered medical care and disregarded his pleas for help before his stroke. Plaintiff alleges Warden Cabell of Greensville was deliberately indifferent because he saw plaintiff's hand before his stroke but did not require a doctor to treat the impending stroke. Plaintiff further alleges that John Doe 1

and John Doe 2, loading officers at Green Rock, were deliberately indifferent to his medical needs when they loaded plaintiff into a vehicle for transportation to a follow-up medical appointment for his stroke. Finding that plaintiff has formulated a sufficient nexus between the proposed defendants and the claims in the amended and original complaints, I permit these defendants' joinder.

B.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a

court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff must show that a defendant acted with deliberate indifference to a serious medical need in order to state a claim under the Eighth Amendment for ineffective medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976). In order to show deliberate indifference, a public official must have been personally aware of facts indicating a substantial risk of serious harm, and the official must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). However, the prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. Non-medical prison employees can be found to have acted with deliberate indifference if they intentionally delay or deny an inmate access to medical care or intentionally interfere with his

prescribed treatment. Estelle, 429 U.S. 104-05. However, claims of medical malpractice and negligent diagnosis are not cognizable in a § 1983 proceeding. Id. See Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (noting that treating doctors must actually draw the inference that an inmate's symptoms signify the presence of a particular condition and that a failure to draw such an inference may present a claim for negligence, but not a claim under the Eighth Amendment). Thus, a prisoner's disagreement with medical personnel over the course of his treatment does not state a § 1983 claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. Sosebee, 797 F.2d at 181-83. Supervisory prison officials are entitled to rely on the professional judgment of trained medical personnel. Id. Supervisory liability is not established merely by showing that a subordinate was deliberately indifferent to a plaintiff's needs. Miltier, 896 F.2d at 854.

After liberally construing plaintiff's amended complaint, plaintiff insufficiently pleads a claim against Warden Cabell, Dr. Wang, and the John Doe loading officers. Plaintiff alleges that the Warden saw plaintiff's swollen and discolored hand the day before plaintiff had his stroke but did not direct a doctor to investigate his hand. (Am. Compl. 2.) Plaintiff also fails to establish that the Warden, who presumably is not a trained medical provider, subjectively knew that plaintiff's discolored hand meant that plaintiff would have a stroke within twenty-four hours. Furthermore, nothing in the amended complaint suggests that the Warden interfered with medical treatment.

Plaintiff's only complaint against Dr. Wang is that he failed to write in plaintiff's transportation order how the loading officers should place plaintiff into a vehicle. Plaintiff complains that the loading officers loaded him into the vehicle by lifting him by his arms while he wore two-point restraints instead of using a van equipped with a hydraulic lift. The only inferences to be drawn from plaintiff's allegation is that, while authorizing plaintiff to see outside medical care, either Dr. Wang negligently omitted the loading instruction or did not believe an instruction was warranted. Either way, plaintiff can not pursue via a § 1983 action a claim about medical negligence or a disagreement over the contents of a medical order. Relatedly, plaintiff also fails to state a claim against the John Doe loading officers. However, plaintiff acknowledges that no medical order provided the officers with the subjective knowledge on how to gently load plaintiff in the vehicle. Without the officers' knowledge of facts indicating a substantial risk of loading plaintiff in the van by his arms, plaintiff can not state a deliberate indifference claim against them. Lastly, plaintiff names C. Baley and Dr. Wayne as defendants but alleges no facts about them; therefore, I terminate them as defendants.

The remaining defendants are Dr. Mogel, Jane Doe 1, and Jane Doe 2 of Greensville; Dr. Emron of Sussex; and C/O McDaniels, C/O Raider, and C/O Brook of Green Rock. Except for the correctional officers, these defendants work in the Eastern District of Virginia, which is where the events underlying these claims occurred. Plaintiff alleges that the Jane Does interfered with his medical treatment and the doctors knowingly did not treat his impending stroke or refused to provide medical care for his legs or breathing. Although the correctional officers work at a facility within the Western District of Virginia, plaintiff argues that they violated his Eighth Amendment rights while they were at the Medical College of Virginia in Richmond, Virginia,

during plaintiff's medical treatments. Plaintiff alleges that they interfered with his medical care by disregarding a treating physician's orders. Therefore, the remaining defendants and claims would best be adjudicated in the United States District Court for the Eastern District of Virginia for the convenience of the parties and witnesses, and I direct the Clerk to transfer this pro se action in the interest of justice. See 28 U.S.C. § 1404(a).

III.

For the foregoing reasons, I add and terminate the relevant defendants; dismiss the claims against Warden Cabell, Dr. Wang, and the John Doe loading officers; and transfer the action to the United States District Court for the Eastern District of Virginia.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 26th day of May, 2010.

*Senior United States District Judge*