IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Curtis M. Keith, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10cv543 (CMH/TRJ) |
| | ) | |
| Dr. Mughal, et al., | ) | |
|    Defendants. | ) | |

F I L E D
AUG 12 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Curtis M. Keith, a Virginia inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 in the Western District of Virginia, alleging the defendants' actions caused him to lose the ability to walk after suffering from a stroke. By Order and Memorandum Opinion dated May 26, 2010, defendants Dr. Wayne, C. Bailey, John Doe 1, John Doe 2, and Warden Cabell were dismissed and the action was transferred from the Western District of Virginia to the Eastern District of Virginia. By Order dated December 1, 2010, defendants Jane Doe 1 and Jane Doe 2 were dismissed without prejudice because plaintiff had not provided the names and locations of these defendants to the Court. Remaining defendants Correctional Officer McDaniels, Correctional Officer Raider, and Correctional Officer Brook, by counsel, filed an Answer to plaintiff's complaint, as well as a Motion to Stay the Proceeding. Remaining defendants Dr. Mughal and Dr. Emran, by counsel, filed a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, arguing that Keith failed to allege facts sufficient to show deliberate indifference to a serious medical need. Keith was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a reply. For the reasons that follow, defendants Dr. Mughal and Dr. Emran's Motion to Dismiss will be granted, the claims against defendants Correctional Officer McDaniels, Correctional Officer Raider, and

1

Correctional Officer Brook will be dismissed, and their Motion to Stay the Proceeding will be denied as moot.

## I. Background

Keith explains that he suffered a stroke and was able to walk using a walker, but that the defendants' "negligence and delays and den[y]ing medical attention and i[m]proper medical care has placed [him] in a wheelchair for life." See Compl. at 3-4, ECF No. 1. He claims that "if the medical doctors would have kept giving [him] therapy when [he] was walking on [his] own [he] would be walking now," but that delays in care and "only a few hours of therapy in a two year period" took away the possibility that he would ever walk again. Id. at 4. Keith admits that he has "many medical issues besides [his] stroke," including "sugar problems." Id. at 6, 3.

Keith alleges that (1) Dr. Mughal is liable for delaying Keith's therapy, failing to examine Keith upon his arrival at Greenville Correctional Center, and failing to transfer Keith to a handicap facility, (2) Dr. Emran is liable for delaying therapy, as well as denying a sleep study, a breathing machine, and nitro tabs, and (3) McDaniels, Raider, and Brook are liable for refusing to remove restraints from Keith or to provide Keith with food and water during his trip to the Medical College of Virginia (MCV). Id. at 2; see also Exs. at 2, 10, 12, 14 16-18, 28, ECF No. 2-1; Reply at 50, ECF No 33.

Keith states that he has exhausted his administrative grievances for his claims. See Verified Statement at 1, ECF No. 2. He has attached copies of informal complaints, grievances, and responses. See id. at 2-11; see also Exs. at 8-29, ECF No. 2-1. One response to a grievance indicates that Keith received his nitro tablets. See Exs. at 2, ECF No. 2; see also Reply at 35, ECF No. 33. Another response from Warden Senior J.N. Dillman dated September 30, 2008 states that MCV discontinued Keith's physical therapy due to a finding that his "condition deteriorated which was no negligence on the part of the facility." Id. at 3. The same response

2

explains that "the issue with the Medical College of Virginia was not with the application of restraints, but that [sic] their decision that the planned physical therapy would not have been beneficial." Id. The response concludes by explaining steps that terminally ill offenders or their families may take to petition for Executive Medical Clemency to be released from incarceration. Id.

## II. Standard of Review

Rule 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When determining whether a motion to dismiss should be granted, the alleged facts are presumed true and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited

with approval in <u>Anheuser-Busch v. Schmoke</u>, 63 F.3d 1305, 1312 (4th Cir.1995)). Moreover, where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." <u>Gulf Ins. Co.</u>, 313 F. Supp. 2d. at 596 (citing <u>Fayetteville Investors v. Commercial Builders, Inc.</u>, 936 F.2d 1462, 1465 (4th Cir.1991)).

### III. Analysis

To state a claim of inadequate medical care that rises to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 105 (1976); <u>see also</u> <u>Staples v. Va. Dep't of Corr.</u>, 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, Keith must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege and demonstrate "[d]eliberate indifference . . . by either actual intent or reckless disregard." <u>Miltier v. Beorn</u>, 896 F.2d 848, 851 (4th Cir. 1990); <u>see also</u> <u>Estelle</u>, 429 U.S. at 106. In other words, a plaintiff must allege facts demonstrating that defendant's actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." <u>Miltier</u>, 896 F.2d at 851 (citations omitted).

Here, assuming without deciding that Keith's condition constituted a serious medical need, his claims against these defendants fail under the deliberate indifference prong because it is clear that these defendants treated him in a manner that was not "grossly incompetent, inadequate, or excessive as to shock the conscience." <u>Id.</u> Defendant McDaniel's instruction to keep Keith in restraints, and defendant Raider and defendant Brook's alleged failure to take off Keith's restraints at MCV, do not demonstrate "actual intent or reckless disregard" because the

4

defendants had no reason to believe the restraints were interfering with his medical care. Miltier, 896 F.2d at 851. In fact, the evidence shows that the restraints had minimal effect on Keith's treatment at MCV. See Exs. at 3, ECF No. 2; see also Reply at 40, ECF No. 33. Therefore, Keith's allegations clearly do not suffice to establish deliberate indifference by McDaniels, Raider, or Brook, and the claims against these defendants will be dismissed.

Keith's claims against defendants Dr. Mughal and Dr. Emran also fail under the deliberate indifference prong. The evidence shows that Keith received his nitro tablets, see Exs. at 2, ECF No. 2; see also Reply at 35, ECF No. 33, and that Keith's physical therapy was terminated by MCV because his condition had deteriorated without any negligence on the part of the facility where he had been incarcerated. See Exs. at 3, ECF No. 2. This conclusion clearly shows that the doctors at MCV agreed that Dr. Mughal and Dr. Emran had treated Keith appropriately. Dr. Emran's decision not to give Keith a sleeping machine also does not show "actual intent or reckless disregard." See Miltier, 896 F.2d at 851. Although Keith may disagree with the doctors' treatment choices, his allegations reflect, at most, medical negligence; they clearly do not suffice to establish deliberate indifference by either Dr. Mughal or Dr. Emran. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (noting that an inmate's disagreement over the course of his treatment does not state a cause of action).

Finally, to the extent that Keith argues that he should have been placed in a handicap facility, he does not state a claim of constitutional dimension because a prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request. Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976). A prisoner has no due process interest in his placement at a particular prison, nor does the Constitution "guarantee that the convicted prisoner will be placed in any particular prison." Meachum, 427 U.S. at 223-25; see also Moody v. Daggett, 429

U.S. 78, 88 n.9 (1976). If Keith intends to argue that he should have been given treatment in a handicap facility, his disagreement with the doctors' treatment choices again reflect, at most, medical negligence; they do not suffice to establish deliberate indifference by either Dr. Mughal or Dr. Emran. See Wright, 766 F.2d at 849. Keith has therefore failed to allege sufficient facts to demonstrate that his constitutional rights have been violated, and Dr. Mughal and Dr. Emran's Motion to Dismiss will accordingly be granted.

### IV. Conclusion

For the foregoing reasons, the claims against defendants Correctional Officer McDaniels, Correctional Officer Raider, and Correctional Officer Brook will be dismissed, their Motion to Stay the Proceeding will be denied as moot, and defendants Dr. Mughal and Dr. Emran's Motion to Dismiss will be granted.[1] An appropriate Order and judgment shall issue.

Entered this 12th day of August 2011.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia

---

[1] Because defendants prevail on the merits, the Court declines to address any issues of qualified immunity. See Wilson v. Layne, 526 U.S. 603, 609 (1999) (establishing two-prong qualified immunity test, where courts must first determine whether the plaintiff alleged an actual constitutional deprivation).